UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LING CHEN, on his own behalf and on behalf of others similarly
Situated,

                                                                Case No.: 19-cv-07313

                       Plaintiff,

   -against-

ASIAN TERRACE RESTAURANT INC. d/b/a Asian Terrace;
ASIAN MOON OF MASSAPEQUA, INC. d/b/a Asian Moon;
And ASIAN MOON RESTAURANT CORP. d/b/a Asian
Moon; VICKIE SUE LI,

                     Defendants.

------------------------------------------------------------------------X


**DEFENDANTS MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION, COURT AUTHORIZED NOTICE AND DISCLOSURE OF CONTACT INFORMATION FOR NOTICE TO POTENTIAL OPT-INS**


Submitted by:

**BELL LAW GROUP PLLC**

Andrea E. Batres, Esq.
100 Quentin Roosevelt Blvd.
Suite 208
Garden City, NY 11530
Tel: 516-493-9041
ab@belllg.com
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................................4

ARGUMENT……………………………………………………………………………………...4

    I.     Plaintiff's Affidavit Lacks the Factual Showing Required for a Granting of
         Conditional Certification……………..…………………………………………………….7


IF THE COURT FINDS THERE ARE ALLEGATIONS SUFFICENT ENOUGH TO GRANT PLAINTIFF'S REQUEST FOR A CONDITIONAL CLASS CERTIFICATION, THE PLAINTIFF'S REQUESTED RELIEF AS TO THE EXPEDITED NOTICE IS OVERBROAD……………………………………………………………………..…………11

    A.  Plaintiff's proposed manner for Dissemination is Overbroad and exceeds the
        Scope of other notices issued by this Circuit…………………………………….11
    B.  The Proposed Notice and Publication Order should be Modified……………….12


CONCLUSION ………………………………………………………………………………….13

# **TABLE OF AUTHORITIES**

**CASES**

*Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 519
 (D. Md. 2000)……………………………………………………………………... .5

*Flores v. Osaka Health Spa, Inc.*, 2006 WL 695675, (S.D.N.Y. 2006) ………..……… 6

*Hallissey v. America Online, Inc.*, 2008 WL 465112, [S.D.N.Y. 2008]) ………..…… .6

*Hertz Corp. v. Myers*, 565 U.S. 930 [2011] …………………………………………….. 5

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261
(S.D.N.Y. 1997)……………………………………………...………………….  5

*Khan v. Airport Mat. Servs. LLC*, 2011 WL5597371 (SDNY 2011) ……………........ 7

*Knox v. John Varvatos Enters.*, 282 F. Supp. 3d 644, 667 (S.D.N.Y.2017)………….

*Lijun Geng v. Shu Han JU Rest. II Corp.*, 2019 U.S.Dist. LEXIS 154246
 (S.D.N.Y. Sept. 6, 2019)……………………………………………………………... 8

*McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442
(S.D.N.Y. 2012) …………………………………………………………………… 5

*Myers v. Hertz Corp.,* 624 F3d 537, 555 [2d Cir 2010] ………….............................5,8

*Morales v. Plantworks, Inc.,* No. 05-cv-2349 (DC), 2006 U.S. Dist. LEXIS 4267,
2006 WL 278154, (S.D.N.Y. Feb. 2, 2006) …………………………………………….. 5

*Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)..8

*Prizmic v. Armour, Inc.,* No. 05-CV-2503 (DLI) (MDG), 2006 U.S. Dist. LEXIS
42627, 2006 WL 1662614, (E.D.N.Y. June 12, 2006) ………………………….... .5

*Schucker v. Flowers Foods, Inc.*, No. 16-CV-3439 (KMK), 2017 U.S. Dist. LEXIS
136178, 2017 WL 3668847, (S.D.N.Y. Aug. 24, 2017) ……………………….… 5

*Vecchio v. Quest Diagnostics, Inc.,* 2018 WL 2021615
(S.D.N.Y. 2018) ……………………………………………………………….…… 5

*Yu Zhang v. Sabrina USA Inc.,* No. 18-CV-12332 (AJN) (OTW), 2019 U.S. Dist.
LEXIS 213318, 2019 WL 6724351 (S.D.N.Y. Dec. 20, 2019) ……………………. …5

*STATUTES*

29 USC §216[B])……………………………………………………………..…4

**PRELIMINARY STATEMENT**

Plaintiff seeks collective action status in the form of conditional certification pursuant to 29 U.S.C. 216(b) for named Plaintiff and all non-exempt current and former employees of Defendants ASIAN TERRACE RESTAURANT, INC. d/b/a Asian Terrace ASIAN MOON OF MASSAPEQUA PARK, INC. d/b/a Asian Moon ; and ASIAN MOON RESTAURANT CORP. d/b/a Asian Moon; who performed work as non-exempt, non-managerial employees from January 9, 2017 to present (the "Collective Action Members"). *See* John Troy Declaration at #2. Plaintiff further names Defendant's restaurants Asian Terrace Restaurant, Inc. (Bayside location), Asian Moon of Massapequa Park, Inc. ("Massapequa location") and Asian Moon Restaurant Corp. (Garden City location) as Defendant's despite Plaintiff only working at Defendant's Bayside and Massapequa location. *See* Defendant's Memorandum of law in Support of Plaintiff's Motion for Conditional Certification, at pg. 2.

Plaintiff's Motion should be denied because the pleadings and all documentation submitted in support of his motion are insufficient to support a conditional collective certification. Should this Court grant Plaintiff's motion, it should be limited to (1) chef's and (2) fry woks at one of Defendant restaurant's locations and deny the remainder of Plaintiff's requests.

**ARGUMENT**

While the burden of Plaintiff is minimal, he is still required to make at least a modest factual showing that he and the potential plaintiffs together were victims of a common policy or plan that entitles him to relief.

For a conditional certification motion, the plaintiff must demonstrate by a "modest factual showing" that he and potential opt-in plaintiffs together were victims of a common policy

4

or plan that violated the law. *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). In determining whether the plaintiff has met his burden, the court only "looks to the pleadings and submitted affidavits" and does not "resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Yu Zhang v. Sabrina USA Inc.*, No. 18-CV-12332 (AJN) (OTW), 2019 U.S. Dist. LEXIS 213318, 2019 WL 6724351, at *2 (S.D.N.Y. Dec. 20, 2019) (quoting *McGlone v. Contract Callers, Inc.*, 867 F. Supp. 2d 438, 442 (S.D.N.Y. 2012)). "[A]llegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made." *Prizmic v. Armour, Inc.*, No. 05-CV-2503 (DLI) (MDG), 2006 U.S. Dist. LEXIS 42627, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (quoting *Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)) (collecting cases).

However, conditional certification is not mandatory and lies with the discretion of the Court. *See Schucker v. Flowers Foods*, Inc., No. 16-CV-3439 (KMK), 2017 U.S. Dist. LEXIS 136178, 2017 WL 3668847, at *5 (S.D.N.Y. Aug. 24, 2017). A plaintiff cannot meet his or her burden through unsupported assertions or conclusory allegations. *See, e.g., Myers*, 624 F.3d at 555; *Morales v. Plantworks, Inc.*, No. 05-cv-2349 (DC), 2006 U.S. Dist. LEXIS 4267, 2006 WL 278154, at *2-3 (S.D.N.Y. Feb. 2, 2006).

While Plaintiff claims that he befriended other tipped and non-tipped employees during his brief time working at Defendant's restaurants (Chen Aff. #17), his affidavit is insufficient to establish they were all subjected to a "common policy or plan that violated the law."

First and foremost, Plaintiff's affidavit names different categories of employees at two of defendant's restaurant's Asian Terrace(Bayside location) and Asian Moon (Massapequa location) namely: Chef, Big Chef, Dishwasher, Waitress, Deliveryman, Cutter/Packer,

5

Receptionist/Phone attendant, Fry Wok, Receptionist/Cashier, and Packer. (Chen Aff. #17-18.) Upon examination of the table for the Asian Terrace workers (Bayside location), the only knowledge Plaintiff had of the compensation of Fry wok workers was based on conversations with an employee referred to as "Chinese Chef". Chinese Chef worked for two weeks from November 1, 2017 until November 15, 2017, and presumably told Plaintiff all the Fry Wok workers received the same pay. (Chen Aff. #18-22). Allegedly, this Chinese Chef worked a similar work schedule to Plaintiff and paid a flat compensation. However, Plaintiff was employed at Asian Terrace from November 30, 2017 to December 24, 2017. See Chen Aff. #3 & #4. Plaintiff began working for Defendant's restaurant approximately two weeks after the Chinese Chef ceased his employment with Defendant's. It belies credulity that Plaintiff was able to converse with Chinese Chef during conflicting periods of employment. Plaintiff's Asian Terrace chart relies solely on his interactions with this employee to establish an actual wage violation. Plaintiff cannot articulate either the pay or work schedule of any other employees or if how they were paid actually constituted any "wage violation."

  Plaintiff also names Big Chef Lin ("LAO DA"), who was responsible for the supervision of other Kitchen workers, but was unsure of how much he was paid only that he was paid at a flat weekly pay in cash. This alone does not constitute a wage violation. Plaintiff does not know the amounts paid or how the other categories of employees were paid besides the one worker-Chinese Chef-who appears worked at the restaurant for two weeks and left before Plaintiff's employment commenced. The Asian Terrace chart gives no specific reference to the employees work hours, their pay, or Plaintiff's knowledge of the pay, schedules or work days of Fry Wok workers, dishwashers, waitresses or deliverymen. (Chen Aff. #17).

6

While this chart is replete with illusory statements, Plaintiff's affidavit hinges on the fact that he has personal knowledge of the hours worked by other employees based upon his own observations and the purported transportation he claims the company car provided. However, there are absolutely no allegations that the employees he names in his chart rode the company car everyday. There are no allegations he actually ever had conversations with these employees besides that he befriended them. *See* Chen Aff. # 17. Further, Plaintiff only has knowledge of one other employee's actual pay which he did/did not work with and whose name is not specified.

Furthermore, for the Asian Moon location (Massapequa, NY location), Plaintiff further fails to specify sufficient facts to articulate any sort of violation of the FLSA or wage violation. Upon review of the chart, Plaintiff mentions LAO DA which worked as a Fry Wok and Driver of transportation. (Chen Aff. #17). Plaintiff stated Lao Da's approximate pay per week which was about $800.00 per week but was unsure of his work hours. Plaintiff further never articulated how he became aware of any of this information whether by personal observations, conversations with these employees or other means. Plaintiff's sole statement concerning other Fry wok worker's was that they received a flat compensation per week but never states how he received this information. Chen. Aff #51. There are no specific allegations concerning the amount of hours they worked or schedules they maintained. Plaintiff's affidavit does not establish that any other employees were subjected to FLSA violations. Indeed, there are no substantive allegations that could establish a wage violation within this Chart. Additionally, there are no allegations which make reference to employees were subjected to a common policy or practice at Defendant's Garden City location.

For all the reasons stated above, a conditional certification certifying a broad class consisting of all non-exempt employees who worked for Defendant's three locations should not be granted.

I. **Plaintiff's Affidavit Lacks the Factual Showing Required for a Granting of Conditional Certification**

The threshold determination for conditional certification of a collective action is whether the named plaintiff has demonstrated that potential class members are "similarly situated" (29 USC §216[B]). Courts have required only a modest factual showing that the named plaintiff and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law" *Myers v. Hertz Corp.,* 624 F3d 537, 555 [2d Cir 2010][internal quotations marks omitted], cert denied sub nom *Hertz Corp. v. Myers,* 565 U.S. 930 [2011].

Certification is not automatic, however. "The modest factual showing cannot be satisfied simply by unsupported assertions" (*Vecchio v. Quest Diagnostics, Inc.,* 2018 WL 2021615, *3 [SDNY 2018]. Plaintiff must provide actual evidence of a factual nexus between their situation and that of other individuals whom they claim are similarly situated (*see Flores v. Osaka Health Spa, Inc*. 2006 WL 695675, *3 [SDNY 2006]; *Morales v. Plantworks Inc.,* 2006 WL 278154, *3 [SDNY 2006]). "Absent such a showing, an employer may be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense" *Prizmic v. Armour, Inc.* 2006 WL 1662614, *2 [EDNY 2006]). Plaintiffs may satisfy the similarly situated requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members" *Hallissey v. America Online, Inc.* 2008 WL 465112, *1 [SDNY 2008]). Courts in this district have consistently held that, "where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a

8

minimum level of detail regarding the contents of those conversations or observations." *Reyes v. Nidaja, LLC*, 2015 U.S. Dist. LEXIS 101728, 2015 WL 4622587 (S.D.N.Y. Aug 3, 2015).

Plaintiff Chen has failed to make even a "modest" factual showing to establish that he and the proposed plaintiffs- irrespective of what position they were worked in-were the victims of defendants' common policy or plan that violated the law.

Significantly, his affidavit, which states that other employees were underpaid, lacks any evidentiary value to support a finding that a factual nexus existed between the way defendants compensated him and the way other employees were compensated. His affidavit references a conversation he had with one sole employee- "Big Chef" at Defendant's Asian Terrace location. His affidavit does not state that he had conversations with other similarly situated employees only that he befriended them. Chen Aff. # 17. Nor does it identify in which of defendants' restaurants he allegedly observed how other similarly situated employees were paid.

In *Khan v. Airport Mat. Servs. LLC*, 2011 WL5597371 (SDNY 2011), the United States District court for the Southern District of New York likewise found a named plaintiff's affidavit insufficient. The named plaintiff's affidavit stated that:

'In addition to myself…I am aware and have personal knowledge of other persons employed by Defendant as newsstand workers with the title manager who performed the same or similar work as myself. Upon information and belief, Defendant hired at least 40 of such similar newsstand workers….I know that other like me were not paid overtime by Defendant because I have spoken to similar employees, including but not limited to [names]."

(*Khan*, 2011 WL 5597371, *3).

9

The Khan Court held that the named plaintiff failed to produce sufficient evidence that there are other employees who may share his claim. The Court further held that he does not identify there 40 workers by name or specify the course of this claim (*see Morales v. Plantworks*, Inc. 2006 WL 278154, *2 [SDNY 2006] [rejecting Plaintiff's motion for collective action notice when it was based on conclusory allegations that there were over 20 current and former employees that are similarly situated to Plaintiffs]). While [the named plaintiff] does identify several individuals by name who he considers similar employees, none of these individuals have submitted declarations supporting plaintiff's claims. *Khan*, 2011 WL 5597371, *4.

Plaintiff is required to allege facts that support his position that the potential opt-in plaintiffs were subjected to a common policy or plan which violated the FLSA and Plaintiff has failed to allege any such facts.

To justify the inclusion of additional types of employees (other than those working the position that Plaintiff held), Plaintiff must make a job-specific factual showing. *Lijun Geng v. Shu Han JU Rest. II Corp.,* 2019 U.S.Dist. LEXIS 154246, *38-39 (S.D.N.Y. Sept. 6, 2019). Plaintiff's evidence of FLSA violations pertains only to himself and, at most, other individuals – Chinese Chef, employed for approximately two weeks, and possibly fry woks whose pay was only known by alleged conversations he had with Chinese Chef. Notably, Plaintiff's affidavit confirms that he did not work during the time period this Chinese Chef worked.

With regard to this employee, Plaintiff refers to this individual only as "Chinese Chef". Plaintiff alleges that he has learned through his conversations with Chinese Chef that he received a flat compensation rate and had a similar schedule to him. Id. at ¶¶22. However, Plaintiff is unable to give specifics about the conversations they had, times, dates, or even his name.

10

Plaintiff has failed to provide even a minimum level of detail concerning any alleged conversations he had with other coworkers which would support an assertion that they suffered from a common policy of wage violations. *See Reyes*, 2015 U.S. Dist. LEXIS 101728, 2015 WL 4622587, at *3.

The only other worker that could possibly have any facts reflecting a wage violation is with an individual with the abbreviated named of Lao Da. While the chart states that Lao Da was paid a flat weekly rate, it does not specify how much he was paid. As such, the only specific allegations of any wage violations other than Plaintiff pertain to a Chef. These allegations are based upon personal knowledge and exclusively on discussions with these specific category of employees. Plaintiff does not have any employee's full name, only nicknames, and Plaintiff has failed to set forth specifics as to when these conversations occurred, where they happened, or any other detailed accounts of what was said.

The conditional class should not extend past Chef's and possible fry wok workers. Plaintiff has failed to make a sufficient showing that the conditional certification should extend to all non-exempt employees. Plaintiff seeks conditional certification for a class that he should not be entitled to based upon his affidavit and documentation.

  II. **IF THE COURT FINDS THERE ARE ALLEGATIONS SUFFICENT ENOUGH TO GRANT PLAINTIFF'S REQUEST FOR A CONDITIONAL CLASS CERTIFICATION, THE PLAINTIFF'S REQUESTED RELIEF AS TO THE EXPEDITED NOTICE IS OVERBROAD**

In the event this Court find Certification is proper and dissemination of Notice is warranted, the remainder of Plaintiff's requested relied should be denied.

  C. **Plaintiff's proposed manner for Dissemination is Overbroad and exceeds the Scope of other notices issued by this Circuit**

Plaintiff's proposal for the dissemination of the Notice of Pendency is overbroad and improper. Plaintiff's request to send the Approved Notice of Pendency and Consent Form in any

11

relevant language, via mail, mail, and/or test message, or social media chat, to all potential members of the collective is not only overbroad and improper but it is also a method not usually granted by Court's in this District.

Defendant's Notice of Pendency form should be limited to dissemination by first class mail. Courts routinely approve requests to send notice to putative collective action members via first-class mail. *Knox v. John Varvatos Enters*., 282 F. Supp. 3d 644, 667 (S.D.N.Y.2017). Additionally, the posting of notices at defendant's restaurants is unnecessary. All of Defendant's restaurant locations are currently closed with no scheduled date to re-open. Courts have recently held that if a large number of notices are returned as undeliverable, then Plaintiff should re-apply for appropriate relief. *Francisco v. NY Tex Care, Inc*., 2020 U.S. Dist. LEXIS 70119 (E.D.N.Y. 2020). In the event there is a problem with delivery, sending the notice via e-mail or other modes of social media is unnecessary. Additionally, sending a reminder notice to potential opt-ins half-way through the notice period should be denied.

As such, in the event this Court grants Plaintiff's request for conditional certification, Defendant's object to all other proposed forms of relief stated within Plaintiff's motion.

### D.  **The Proposed Notice and Publication Order should be Modified**

Several key aspects of the Proposed Notice and Publication Order should be modified. First, the Proposed Order should be limited to the class employees the Court decides should be included.

The Opt-in period should be limited to 60 days. Plaintiff fails to allege any argument that supports why the opt-in period should be extended to 90 days. Courts have routinely held that 60 days should be the appropriate Opt-in Period. Absent any special circumstances, Plaintiffs do not provide any specific allegations concerning why 90 days is a necessary time period for this opt-

in period. A 60 day opt-in period would be consistent with established FLSA practice. *See Gjurovich v. Emmanuel's Marketplace, Inc*., 282. F. Supp 2d 101, 107 (S.D.N.Y 2003) (Court authorized deadline "60 days from the date of notice mailing"); *See also Cohan v. Columbia Sussex Mgmt., LLC*, No. 12-CV-3203 (JS)(AKT).

Defendants submit that they should be provided with 45 days to furnish Counsel with the requested notice information.

Defendants further objects to Equitable tolling of the statute of limitations on this suit be tolled for 90 days until the expiration of the Opt-in period.

To apply equitable tolling on the statute of limitations, a Plaintiff must demonstrate (1) extraordinary circumstances which prevented timely filing of a claim and (2) that Plaintiff pursued his rights diligently. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). Plaintiff has failed to demonstrate extraordinary circumstances or reasonable diligence during this period.

## CONCLUSION

Therefore, Defendants respectfully request that Plaintiff's Motion for conditional certification and all associated relief be denied.

Dated: April 22, 2020

                                              Respectfully,

                                              Bell Law Group, PLLC
                                              Attorneys for Defendant

                                              By: \_\_\_\_\_/s/ *Andrea Batres*_____
                                                  Andrea Batres, Esq.
                                                  100 Quentin Roosevelt blvd, ste. 208
                                                  Garden City, NY 11535
                                                  (516) 280-3008

14