```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
LING CHEN, on behalf of himself and others                        :
similarly situated,                                               :
                                                                  :   MEMORANDUM DECISION
                                        Plaintiff,                :   AND ORDER
                                                                  :
                       - against -                                :   19-cv-7313 (BMC)
                                                                  :
ASIAN TERRACE RESTAURANT, INC. et al.,                            :
                                                                  :
                                        Defendants.               :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff, a former cook at defendants' restaurants, alleges that defendants failed to pay him minimum wage, overtime, and spread-of-hours pay and that they never gave him notice of his rates of pay, payday, or paystubs during the period of his employment as required under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, or corresponding provisions of the New York State Labor Law ("NYLL"), §§ 190 and 650 *et seq*. Although defendants initially appeared by counsel, their utter lack of participation in the case caused counsel to withdraw. When defendants failed to comply with the obligations that I imposed on them in connection with the withdrawal, I ordered the Clerk to strike their answer and enter a default. The Clerk has entered a default based on defendants' failure to answer, and before me is plaintiff's motion for a default judgment. Defendants have not opposed, and the motion is granted. I also grant plaintiff's separate motion for attorneys' fees to the extent described below.

## BACKGROUND

According to the complaint and affidavit in support of plaintiff's motion for a default judgment, from about November 30, 2017 through December 24, 2017 (the "first employment

period"), plaintiff worked as a cook at Asian Terrace restaurant. He again worked in the same capacity at the individual defendant's affiliated restaurant, Asian Moon, from about May 15, 2019 through June 1, 2019 (the "second employment period"). These restaurants are owned by a combination of three corporations: defendants Asian Terrace Restaurant, Inc., Asian Moon Restaurant Corp., and Asian Moon of Massapequa Park, Inc. The individual defendant Vicki Sue Li has a non-exclusive ownership interest in these corporations, and she operated them as the "Boss", as plaintiff referred to her. Plaintiff alleges that she hired, fired, and supervised employees; determined their pay rates; and maintained the records of the restaurants.

During his first employment period, plaintiff worked three out of four days between Monday and Thursday for 11 hours each; 12 hours a day on Fridays and Saturdays; and 10 hours a day on Sundays. During his second employment period, plaintiff worked three out of four days between Monday and Thursday for 11 hours each day; 11 hours a day on Saturdays; 12 hours a day on Fridays; and 10 hours a day on Sundays. For this, he received flat compensation of $700 per week. He never received spread-of-hours pay, nor notice or paystubs explaining the terms on which he was being paid, nor did defendants post notices of wage requirements, all as required under the New York Labor Law.

Plaintiff commenced this action on January 9, 2020. I authorized the case to proceed as a collective action by Order dated July 17, 2020, requiring defendants to provide employee contact information within 21 days and to post notice of the action. Defendants failed to do so or, indeed, to provide any of the discovery that plaintiff had requested. After extending the discovery period and still receiving no response from defendants, I ordered that (1) the statute of limitations under the FLSA for members of the collective was tolled as of August 7, 2020;[1] (2)

---

[1] I generally do not grant equitable tolling to absent members of the collective in FLSA cases, see Alberto v. Rico Pollo #2 Rest. Corp., No. 18-CV-4762, 2018 WL 6813057, at *5 (E.D.N.Y. Dec. 26, 2018), and I originally did not

2

defendants had one more week to produce the contact information; and (3) in light of the risks to plaintiff and collective members incurred from defendants' non-participation, defendants had to post a modest bond for costs under Local Civil Rule 54.2.[2] That Order further advised defendants that if they did not comply, their answer would be stricken and a default entered against them.

Defendants failed to meet any of the requirements of the Order. Instead, their attorneys moved to withdraw on the ground that defendants had failed to cooperate in the defense of the case and that the attorneys had not been paid. I granted that motion and ordered the Clerk of Court to strike defendants' answer. The Clerk entered the default under Federal Rule of Civil Procedure 55(a), and plaintiff has moved for default judgment and attorneys' fees.

## DISCUSSION

It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In the instant case, the complaint's allegations are sufficient to establish liability. The joint enterprise between the restaurants is adequately pled and the responsibility of the individual defendant is factually supported.

It is equally well-settled that on a motion for a default judgment, a defendant's default does not constitute an admission as to the damages claimed in the complaint. See Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The burden is on plaintiff to establish, by a reasonable certainty, his entitlement to the relief requested. See Credit Lyonnais Sec. (USA),

---

do so here. However, because defendants' failure to produce the required employee contact information or post notices as ordered would have caused prejudice to those employees, I tolled the statute as of the date on which defendants were supposed to have produced the employees' contact information.

[2] Under Local Civil Rule 54.2, the "Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate."

Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). To determine damages, the court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or it may rely on the affidavits and other documentary evidence provided by plaintiff, obviating the need for a hearing on damages, see Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015).

There is no need for an inquest here. Plaintiff has submitted his affidavit explaining how many hours he worked during each of the two periods in question. His attorney has submitted a spreadsheet extrapolating those hours under the statutory framework.

I have recalculated the amounts owed as I think plaintiff's attorney made some incorrect or unnecessary assumptions. First, I am ascertaining plaintiff's unpaid wages only under the New York Labor Law because, as is most often the case, it results in a larger recovery for plaintiff than under the FLSA. Plaintiff cannot recover liquidated damages under both statutes. See Rana v. Islam, 887 F.3d 118, 122-23 (2d Cir. 2018). Second, instead of using the actual hours that plaintiff worked, his attorney's calculation uses fractional weeks, which yield a slightly different result. Third, plaintiff's attorney has used the overtime rate as the multiplier to compute plaintiff's spread-of-hours recovery under N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4, whereas I am using the applicable minimum wage (including the increase before his second employment period).[3] Fourth, plaintiff's affidavit is ambiguous as to the days worked during the partial week of his second employment period, and I am finding one less day's work based on that difference.

With these modifications, the difference in the amounts recoverable are as follows:

---

[3] Plaintiff's counsel used the overtime rate of $17.50 in calculating speared of hours instead of the minimum wage rate. He should not do it again in future cases before me, as the statute is clear that the hour's pay is at "the basic minimum hourly wage rate."

4

| ELEMENT OF DAMAGE (both employment periods) | PLAINTIFF'S CALCULATION | COURT'S CALCULATION |
|---|---|---|
| Unpaid overtime | $4,087.50 | $3,727.50 |
| Spread-of-hours pay | $512.50 | $393 |
| Liquidated damages | $4,600 | $4,120.50 |
| Paystub violation (NYLL § 198(1-d)) | $5,000 | $5,000 |
| Wage notice violation (NYLL § 198(1-b)) | $2,050 | $2,050 |
| Interest[4] to 12/18/2020[5] | $885.24 | $908.38 |
| TOTAL DAMAGES | $17,135.24 | $16,199.38 |

Finally, plaintiff seeks attorneys' fees and costs. His attorneys have documented 95.48 hours for one partner and three associate attorneys. This is a reasonable amount of time given defendants' delay and depart strategy and my granting of plaintiff's collective action motion. However, the hourly rates claimed are overstated, at least as to the partner and middle-level associate's rate. Mr. Troy seeks $550 per hour as his rate; $350 for an associate with three years' experience; $250 for an associate with two years' experience; and $200 for a foreign-educated lawyer with less than two years' experience in the field.[6]

Plaintiff's rationale for these rates is as follows. Plaintiff's attorney notes case law from over five years ago holding prevailing wages in FLSA cases as "approximately $300–$450 per

---

[4] Applying C.P.L.R. § 5001 with an intermediate date of December 12, 2017 for the first employment period and May 23, 2019 for the second employment period.

[5] The per diem interest rate is $1.02. If the Clerk enters judgment after December 18, 2020, he should increase the compensatory award by that amount of each day thereafter.

[6] The rates requested are inconsistent. The narrative portion of Mr. Troy's affidavit seeks one rate for the most junior associate, while the summary chart at the end of the affidavit seeks a rate 33% higher ($150 v. $200). Fee applications are a risky place to demonstrate carelessness.

5

hour for partners, $200–300 per hour for senior associates, and $100–200 per hour for junior associates." Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 298–99 (E.D.N.Y. 2012). From there, he notes that during this period, the minimum hourly wage under New York law has increased from $8 per hour to $15 per hour. He therefore reasons that the "passage of time" warrants a dramatic increase in attorney rates. "[J]ust as the New York State minimum wage has increased" from $8 to $15 over the past five years, the prevailing market rates and caps have "increased as well." This reasoning is backwards for a number of reasons.

First, plaintiff's attorney relies extensively (although not exclusively) on cases decided in the Southern District of New York and the District of New Jersey. The Second Circuit has clearly held, however, that the rates awarded must be the prevailing rates in this district, not some other districts. See Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). Rates from other districts are, at most, marginally informative.

Second, and more importantly, plaintiff's attorney recognizes that the test for reasonable rates is the "prevailing *market* rate." See Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 59 (2d Cir. 2012) (emphasis added). The New York Labor Law setting wage requirements is not a statute that awards the prevailing rate in the New York labor market – to the contrary, it is an anti-market rate statute. The New York Legislature has found that for reasons of public policy, it is not acceptable to allow the market to set the rates for hourly-wage workers, and it has deliberately increased hourly rates to a level above the labor market to address other goals. The fact that the FLSA has maintained hourly rates at $7.25 per hour since 2009 is some illustration that the New York legislature has eschewed market rates for hourly labor in New York. Thus, the increase in the minimum wage for covered hourly workers has nothing to do with hourly rates for lawyers – a market that is almost entirely unregulated.

6

Indeed, a strong argument can be made that given the explosion of lawyers bringing FLSA cases before this Court, rates should be going *down* over the last five years rather than up, as there are more lawyers competing for the pool of business.

Finally, there is no reason for this case to be in federal court, and I do not believe that federal courts, at least in this district, should be boosting employment lawyer rates to "attract more business." As is the case in most wage cases brought in New York federal court, the only reason why this case alleged claims under the FLSA was to supply a "hook" to get into federal court. The New York Labor law is so much more protective of workers' rights in so many different ways – e.g., hourly rates, spread-of-hours, paystub requirements, posting requirements, the availability of class actions, more limited exemptions – that the state courts should take the lead if hourly rates for lawyers under New York law are going to so dramatically increase. The mere technical invocation of supplemental jurisdiction should not be an alternative to that path.

Adjusting plaintiff's requested rates to "prevailing market rates' in this district, I find that the four attorneys in this case are entitled to rates of $450, $300, $200, and $150 per hour, respectively. See, e.g., Chocolatl v. Rendezvous Cafe, Inc., No. 18-CV-3372, 2019 WL 5694104, at *14 (E.D.N.Y. Aug. 16, 2019), report and recommendation adopted, 2020 WL 1270891 (E.D.N.Y. Mar. 17, 2020) ("In this District, approved hourly rates for attorneys normally range from $200 to $450 for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for paralegals." (quotation marks and citation omitted)); see also Martinez v. New 168 Supermarket LLC, No. 19-CV-4526, 2020 WL 5260579, at *8 (E.D.N.Y. Aug. 19, 2020), report and recommendation adopted, 2020 WL 5259056 (E.D.N.Y. Sept. 3, 2020) (rate of $400 for partner who handled over 500 wage and hour cases); Dacas v. Duhaney, No. 17-CV-3568, 2020 WL 4587343, at *3 (E.D.N.Y. June 18, 2020),

7

report and recommendation adopted, 2020 WL 4586371 (E.D.N.Y. Aug. 10, 2020) (rate of $400 for partner with extensive experience and rate of $200 for associates with four to six years' experience). The recalculation of plaintiff's attorneys' fees claim on that basis comes to a total of $30,967 in attorneys' fees. The claimed costs of $931.06 are reasonable and will be allowed.

## CONCLUSION

Plaintiff's motions for a default judgment and attorneys' fees are granted. The Clerk is directed to enter judgment in favor of plaintiff for $16,199.38 in damages, $30,967 in attorneys' fees, and $931.06 in costs.

**SO ORDERED.**

_Digitally signed by Brian M. Cogan_
U.S.D.J.

Dated: Brooklyn, New York
December 17, 2020